Benny P. PHILLIPS, M.D., Appellant,

v.

Dale BRAMLETT, Individually, and as Independent Administrator of the Estate of Vicki Bramlett, Deceased; Shane Fuller and Michael Fuller, Appellees.

No. 07–05–0456–CV.

Court of Appeals of Texas, Amarillo, Panel E.

April 30, 2007.

Jim Hund, Hund & Harriger L.L.P., Lubbock, for appellant.

Alexander B. Klein III, J. Todd Trombley, The Klein Law Firm, Houston, Thomas J. Turner, Turner & Jordan, P.C., Lubbock, John Smithee, Templeton Smithee Hayes Heinrich & Russell, L.L.P., Amarillo, for appellees.

Before CAMPBELL and HANCOCK, JJ. and REAVIS, S.J.[1]

**OPINION ON ORDER OF REMITTITUR**

MACKEY K. HANCOCK, Justice.

Appellees, Shane Fuller and Michael Fuller have filled a remittitur of $220,000 each, as suggested in our opinion of March 19, 2007. Accordingly, that portion of the trial court judgment providing that Shane Fuller collect from Benny P. Phillips, M.D. for future pecuniary loss in the principal amount of $250,000 is reformed to provide that Shane Fuller recover from Benny P.

1. Don H. Reavis, Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Phillips, M.D. the principal amount of $30,000 for future pecuniary loss. That portion of the trial court judgment providing that Michael Fuller collect from Benny P. Phillips, M.D. for future pecuniary loss in the principal amount of $250,000 is reformed to provide that Michael Fuller recover from Benny P. Phillips, M.D. the principal amount of $30,000 for future pecuniary loss. That portion of the trial court judgment providing prejudgment interest is reformed to provide for prejudgment interest on the principal amount $2,921,000 through October 3, 2005, of $545,146.62. After an offset of prejudgment interest for a written settlement offer of $6,630 the total prejudgment interest is $538,516.62.

The trial court judgment is affirmed as reformed herein and is reversed and rendered on the issue of gross negligence, as reflected in our opinion of March 19, 2007.

Consistent with his dissent to the Court's opinion in this case of March 19, 2007, CAMPBELL, J., dissents without opinion.

REAVIS, S.J., concurring.